M. CALLAN & COMPANY, Appellants, v. THOMAS H. HANSON, Appellee.

1. **Evidence:** PROOF: INSTRUCTIONS TO JURY. An instruction to a jury requiring the plaintiff in a cause to make out a *prima facie* case to the "satisfaction" of the jury, *held*, not objectionable, as requiring of the plaintiff a measure of proof greater than a preponderance of the evidence, where, in another paragraph of the court's charge, the jury were instructed to find for the plaintiff, if "from a preponderance of all the evidence," they were "satisfied" that the claim of the plaintiff was established.

2. ———: ———: ———. The use of the word "satisfied" in the above connection has the force only of the words "find" or "believe," and therefore was not erroneous.

3. **Practice in Supreme Court:** VERDICT OF JURY: CONFLICT OF EVIDENCE. The verdict of a jury will not be disturbed upon appeal because not supported by the evidence, where the evidence is conflicting, and there is sufficient evidence to justify the finding of the jury.

*Appeal from Iowa District Court.*—HON. S. H. FAIRALL, Judge.

WEDNESDAY, OCTOBER 19, 1892.

ACTION against the defendant for his failure and refusal to deliver to the plaintiff a one hundred dollar bill in exchange for one hundred dollars in bills and coin of smaller denomination received by him. There

was a verdict for the defendant, from which the plaintiff appeals.

It appears that about September 20, 1887, the defendant entered the store of the plaintiff at Parnell, Iowa, and asked for change for a one hundred dollar bill. One of the firm gave him the change, but claims that the defendant did not deliver the one hundred dollar bill. The defendant denies generally, and in a second division of his answer states that he did deliver the said one hundred dollar bill to the plaintiff, and that the same was in full payment of all sums of money he had received from the plaintiff in the transaction. *Affirmed.*

*Ranck & Wade,* for appellant.

*James H. Feenan,* for appellee.

KINNE, J.—I. Complaint is made of the fifth division of the charge of the court given to the jury, which reads:

"It is incumbent on the plaintiff to, on his part, in the first place, make a *prima facie* case, showing to your satisfaction that defendant did not deliver to him [plaintiff] said one hundred dollar bill."

1. EVIDENCE: proof: instructions to jury.

It is insisted that the instruction required the plaintiff to establish the fact, of the delivery of the bill to the satisfaction of the jury, not simply by a preponderance of the evidence. Under the well settled rule that all the instructions must be construed together, it is proper that we set out the sixth division of the court's charge, which touches upon the same matter. It is as follows:

"And if he has done so, then the burden shifts upon the defendant to, under his said plea of performance of the said contract, and of payment, establish his said plea of performance or payment; and if from a preponderance of all the evidence you are satisfied

that defendant did not deliver to plaintiff said one hundred dollar bill, your verdict should be for plaintiff for one hundred dollars, with interest at six per cent. per annum from September 28, 1887; and if you are not so satisfied, your verdict should be for the defendant."

Taking these instructions together, did the fifth one require the jury to find that the plaintiff had established to their satisfaction the fact that the defendant did not deliver the bill in question? If it did, it is clearly erroneous. The instruction tells the jury that in the first instance the plaintiff must make out a *prima facie* case as to the nondelivery of the one hundred dollar bill; that is, that that fact must be established by some evidence which is presumably sufficient until it is overcome. Black's Law Dict. p. 935; *Kelly v. Jackson*, 6 Pet. 622. But the court does not rest there. He tells the jury that this *prima facie* case must be made out to the satisfaction of the jury. Not that the jury must be satisfied beyond a reasonable doubt that the defendant failed to deliver the bill, but they must find, must be satisfied, must believe, that a *prima facie* case in that respect has been made out. In other words, we think this instruction, fairly construed, told the jury that it was incumbent on the plaintiff, in the first instance, to establish a *prima facie* case, and that the jury must find that he had established such a case, before they were bound to proceed further with the investigation. Viewed in any other light, the instruction would certainly be erroneous, as requiring evidence which would free the minds of the jurors from doubt or uncertainty as to the fact required to be established. It would announce a rule not recognized in civil cases, when facts are sufficiently established by a preponderance of the evidence only. 1 Greenleaf on Evidence, section 2; *Mo. Pac. Railway Co. v. Bartlett*, 81 Tex. 42; 16 S. W. Rep. 638; *Bryan v. C., R. I. & P. Railroad Co.*, 63 Iowa, 464; *McAnnulty v. Seick*, 59

Iowa, 586. It seems to us the construction contended for by the appellant is not warranted. The language of the instruction should receive a reasonable construction in view of all the circumstances of the case. *Davenport v. Cummings*, 15 Iowa, 219. While we may concede that the instruction might have better expressed the thought sought to be conveyed to the jury, yet we think it is not justly objectionable, as requiring the jury to find the fact of the nondelivery of the one hundred dollars otherwise than from the preponderance of the evidence.

II. Objection is made to the use of the word "satisfied" in the sixth instruction. It will be observed that the connection in which the word is used is such as to clearly show that it is used to convey substantially the same thought as "find" or "believe." Thus, "if from a preponderance of all the evidence you are satisfied," etc. Clearly the jury could not have understood that the word "satisfied" was used in any other or different sense than if the word "believe" had been substituted for the words "are satisfied." There can be no good reason for claiming that in the connection in which the word is used it was misleading or erroneous. It is also claimed that, under these two instructions, the burden of proof rested on the plaintiff throughout the entire case. We do not think the construction placed on these instructions in this respect by the appellant is warranted.

III. It is insisted that the verdict is contrary to the evidence and instructions of the court. We need not review the evidence. We have carefully read it. It is conflicting, and the jury determined that it preponderated in the defendant's favor. We are satisfied that it fully justifies their finding, and we cannot disturb the verdict. AFFIRMED.