(15 Misc. Rep. 474.)

FEINSTEIN v. JACOBS.

(City Court of New York, General Term. January 28, 1896.)

1. NEGLIGENCE OF LANDLORD—LIABILITY TO TENANT.
   The failure of a landlord to keep in reasonable repair the stairway leading to a cellar storehouse, built for the use of his tenants, renders him liable to a tenant for injuries resulting therefrom.

2. SAME—DEFECTIVE STAIRWAY—CONSTRUCTIVE NOTICE.
   The existence of a defect in a stairway in rented premises for three months prior to a tenant's injury is constructive notice to the landlord.

**3. Same—Contributory Negligence.**

The failure of a tenant, who was injured by reason of a defective stair-way leading to a storehouse built for the use of tenants, to carry a light while using the stairs, was not contributory negligence.

**4. Same—Damages.**

In an action to recover for personal injuries, where it appears that plaintiff supported himself and family by his earnings as a peddler, the jury may award reasonable damages for the loss of such earnings, though no actual sum was fixed by plaintiff.

Appeal from trial term.

Action by Morris Feinstein against Solomon Jacobs to recover for injuries caused by the alleged negligence of defendant. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FITZSIMONS, McCARTHY, and BOTTY, JJ.

A. H. Sarasohn, for plaintiff.
Joel Krone, for defendant.

FITZSIMONS, J.   The plaintiff was injured by reason of a broken step in the stairs leading to the cellar in which was built a storehouse for the use of the tenants in the defendant's house. It was the duty of the defendant to keep said stairs in a reasonably safe condition, and his failure to do so would leave him liable to his tenants for injuries sustained by them, provided they were free from contributory negligence.   The plaintiff had a right to assume that the defendant, as landlord, fully performed the duty just mentioned, which the law cast on him, and he therefore had the right to use the stairs in question, and was not bound to carry with him a light while so doing.   Just as the landlord was not bound to furnish light to tenants while they were using such stairs. It was, therefore, not negligence for the plaintiff to fail to carry with him a light, as contended for by the defendant, while passing over the stairs in question, nor was it for the plaintiff to show that the defendant had actual knowledge of the defective or broken step; and it was quite enough for him to show that such dangerous condition existed for a reasonable length of time prior to the injury to the plaintiff.   Thus, defendant would have constructive notice of the existing dangerous condition of his premises,—all that it was necessary for him to have; and that such notice was furnished him is quite certain, because it appears that the step was broken for at least six months prior to the plaintiff's injury, and that the defendant was the owner for at least the three last months of that period, and surely long enough for him to have learned of the dangerous condition of his premises, of which he had at least constructive notice.

The exception taken to the judge's charge, we think, was too general; and, besides, it appears that the plaintiff, in his complaint, claims future damages, and his evidence shows that, at the trial, he suffered pain and was in bandages.   So that it was reasonable to assume that such pains would continue for some time, at least, after the trial, and for which he was certainly entitled to damages.   For loss of wages he was entitled to damages—at least nominal—as a

matter of law; but, under the circumstances of this case, he was entitled to receive a reasonable sum for such loss of wages, because it appears that he was a peddler, and from such employment supported his family.   The jury, relying on their common knowledge and experience, had the right to fix the damages sustained for such loss of wages, even though no actual sum was fixed by the plaintiff; and their finding should stand, unless it is apparent that they allowed an unreasonable amount of money, which cannot be claimed, in view of the fact that the verdict for all the damages sustained by the plaintiff is only the sum of $275.

The judgment must be sustained, with costs.   All concur.