The exceptions to the rulings upon the admission and exclusion of evidence had been examined, but do not present reversible error. Upon the conflict of evidence the learned trial judge, in a charge to which no exception was taken, and which correctly defined the issue, submitted the case to the jury, and with their determination we see no reason to interfere.

Judgment and order appealed from affirmed, with costs.

McCARTHY, J., concurs.

---

### MARKOWITZ v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term.   April 5, 1900.)

1. DAMAGES—PERSONAL INJURIES—LOSS OF PROFITS—PROOF OF PRIOR PROFITS.
   It is competent for plaintiff in an action for personal injuries to show that his earnings and profits had been the result of personal services solely, and thereupon prove prior earnings and profits, as an element to be considered in determining the damages sustained by his inability to work.

2. SAME.
   The rule that, where profits are the result of an injured person's personal services, prior profits may be shown as a basis on which to admeasure damages in an action for the injuries, is not affected by the fact that such person's profits varied from time to time.

Appeal from trial term.

Action by Morris Markowitz against the Metropolitan Street-Railway Company for personal injuries. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before O'DWYER and HASCALL, JJ.

Robinson & Little, for appellant.

Julius H. Cohn, for respondent.

O'DWYER, J.   The only question litigated upon the trial was the question of damages, and it is urged upon this appeal that errors were committed on the trial in the admission of testimony showing loss of profits. The complaint alleged that plaintiff became unable to attend to his occupation and earn his usual compensation and profits. The plaintiff was a boss painter, and had other men working for him,—sometimes working alone. He testified that he worked himself, as well as directing his men, before the accident, and sometimes worked alone; that, working alone, he made from $3 to $15 a day, and that as a boss painter his profit was from $10 to $50 a week; that his busy months were May, June, and July; that for the first two weeks of the month preceding the accident he made $50 per week; and that he had other work down to the time of the accident, and was personally working on the job on the very day of the accident. During his examination, plaintiff was asked the following questions:

"Q. What did these profits amount to, upon the average? (Objected to as incompetent, immaterial, and improper, and as being too remote and speculative. Objection overruled. Exception.) Q. What did these profits amount

to during your busy season; or rather, say, what they were in June and July of the previous year? (Objected to. Overruled, and exception.) A. My profit was $800. Q. For those two months,—June and July? (The answer to this question was stricken out on motion of the defendant's counsel.) A. Sometimes my profits were $25, sometimes $10, and sometimes $50 per week. (Defendant's counsel objects, and moves to strike out the answer. Motion denied. Exception.) Q. What did you make for these two months—June and July—previous to the accident? (Defendant's counsel objects to this line of examination.) A. More than $700 profit for these two months, I judge. I employed between 40 and 50 men."

The court charged in relation to this item of damage:

"If you believe that these injuries were sustained by the plaintiff, and were caused by this collision, and that he was deterred from carrying on his business to the extent he testified to, which he says was yielding him a profit of from three to fifteen dollars per day, you have a right to allow him for such; that is, if you believe it."

And to this part of the charge defendant excepted, and now urges that the court erred in admitting this evidence.

It was competent to show that the plaintiff's business earnings had been from his own personal efforts,—that his profits were in the nature of compensation for his personal services, solely,—and, upon that evidence as a basis, to prove his prior earnings as an element to be considered by the jury in the determination of the extent to which the plaintiff had suffered loss by his inability to work for two months. Prior earnings or profits may be shown as a basis upon which to admeasure damages in cases of personal injury, where the profits are the result of the injured person's personal services. Ehrgott v. Mayor, etc., 96 N. Y. 264, 276; Pill v. Railroad Co., 6 Misc. Rep. 267, 45 N. Y. Supp. 920; Thomas v. Railway Co., 18 App. Div. 185, 189, 27 N. Y. Supp. 230; Walker v. Railroad Co., 63 Barb. 260, 265, 270; McIntyre v. Railroad Co., 37 N. Y. 287, 290; Grant v. City of Brooklyn, 41 Barb. 381, 384; Kessel v. Butler, 53 N. Y. 612; Nebraska City v. Campbell, 2 Black, 590, 17 L. Ed. 271; Wade v. Le Roy, 20 How. 34, 15 L. Ed. 813; Feinstein v. Jacobs, 15 Misc. Rep. 474, 476, 37 N. Y. Supp. 345; McNaughton v. Railway Co., 22 Misc. Rep. 700, 704, 49 N. Y. Supp. 1102; Hickey v. Railroad Co., 8 App. Div. 123, 126, 40 N. Y. Supp. 484; Grinnell v. Taylor, 85 Hun, 85, 92, 32 N. Y. Supp. 684, affirmed in 155 N. Y. 653, 49 N. Y. Supp. 1097; Nash v. Sharpe, 19 Hun, 366; Schile v. Brokhahus, 80 N. Y. 620. It is clear that the present case belongs to this class of cases. No capital was here invested. The plaintiff's earnings were the compensation to him for procuring the job upon which he and his men worked, for superintending and directing the work, for getting the labor and materials together, preparing the materials for the men, and for the actual participation in the work with brush and pail. It is immaterial that the amount of his profits varied from time to time, and it would be immaterial if the profits he was by the accident deprived of the opportunity to earn were uncertain in amount, or incapable of an exact computation.

The exceptions do not present any error, and it follows that the judgment and order appealed from should be affirmed, with costs.

HASCALL, J., concurs