(46 Misc. Rep. 86)

TANZER v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. December 23, 1904.)

1. PERSONAL INJURIES—EVIDENCE AS TO WAGES—OBJECTIONS.
    In an action for personal injuries, plaintiff's testimony as to his average weekly wages is not subject to the objection of being "speculative and remote."

2. SAME—TIME OF OBJECTION.
    After a question has been answered without objection, it is too late to object to it.

3. EXCESSIVE DAMAGES.
    Where plaintiff's shoulder was dislocated, and there were bruises on his head, knee, and ankle, and he was unable to work for three weeks, and paid $40 for medical services, a judgment for $200 is not excessive.
    MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action for personal injuries by David Tanzer against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Henry W. Goddard and William E. Weaver, for appellant.
Samuel S. Koenig, for respondent.

FREEDMAN, P. J. Plaintiff in this case recovered a judgment for $200 damages for personal injuries. The only question raised by the appellant is as to the admission of testimony as to special damages. Upon the trial the plaintiff testified that he was disabled by the injury received by him from April 4th to April 23d, and he was asked: "Q. What are your average wages? A. One week it is $20 or $25, and some weeks it is more. My average is $21 per week. After this answer was given, the defendant's attorney objected "as speculative and remote." The court said, "I will let it stand, and, if not connected, you may move to strike it out." This objection was not well taken, nor was it made in time. The answer had been given without objection

made to the question. More available would have been the objection that the evidence called for was not within the pleadings; but, as the pleadings were oral, and no such ground of objection was urged, it need not now be considered. Subsequently, and without any objection being made thereto, he again testified that his average earnings were $21 per week, and that he had been unable to earn anything for three weeks by reason of his injuries. The plaintiff was a painter, and at the time he was injured had a contract to paint a house. Upon cross-examination the following testimony was elicited from him:

"Q. How many men do you employ? A. Three at this time. Q. Do you do the work yourself or do they do the painting? A. I do the work the same as they do. Q. All of you work together, is that it? A. Yes, sir; that is right. Q. And when you say that your average earnings are $21 per week you mean that there is a net profit from your entire business; that is, the work that you do and the work that the other men do? A. Yes, sir; that is right."

It also appeared that these three men worked upon the contract taken by the plaintiff during the time he was idle. What proportion of the $21 weekly wages referred to the employés contributed by their labor was not shown. It is perfectly clear, however, that, estimating the value of the plaintiff's labor at a fair rate per diem, the so-called "profits" constituted but a small part of plaintiff's average weekly earnings, as it is a matter of common knowledge that the wages of workmen of the class to which the plaintiff belonged would, under ordinary circumstances, nearly, if not quite, equal the sum stated.

The defendant offered no testimony. The injuries sustained by the plaintiff were severe, and consisted of a dislocated shoulder, and bruises and contusions upon the head, knee, and ankle. He required and secured the services of a physician for several days, the bill therefor being $40. It cannot be said that the damages given may not have been based wholly upon the undisputed testimony as to the plaintiff's injuries and the consequent pain and suffering occasioned thereby, and the value of the medical services, and for such they were clearly not excessive.

Under such circumstances to reverse the judgment herein for the sole reason that there is a possibility that the amount of the judgment is, in part, based upon the testimony of the plaintiff as to his weekly earnings, and that a minute portion of those earnings consist of so-called "profits," would be a thwarting of justice, and an inviting of appeals, and virtually offering a premium therefor.

Judgment affirmed, with costs.

GILDERSLEEVE, J., concurs.

MacLEAN, J. (dissenting). Under an oral complaint for "damages to person" the plaintiff testified that he was unable to work for three weeks, that his wages were $21 a week, and upon the defendant's objection that it was speculative and remote the learned justice remarked, "I will let it stand, and, if not connected, you may move to strike it out," to which the defendant excepted. Upon cross-examination the plaintiff said the sum mentioned was his average earnings or income, and it transpired that it was the return of the work of himself and

three others, and, furthermore, that the three others worked along dur-, ing the three weeks the plaintiff was laid up. When the plaintiff rested, the defendant rested also, and moved to strike out the testimony as to the earnings as speculative and remote, and, further, to dismiss, because the damages had been inadequately and insufficiently proven. Both were denied with exceptions.

Now, without perpending the relevancy of lost profits to "damages to person," it is manifest that the earnings from his own labor which the plaintiff failed to get while he did not work should not be increased by the earnings he did get from the work of his hired helpers, and, as the learned justice declined to rectify this anomaly, he may not be thought to have disregarded its consequences.

The judgment should be reversed out of regard to a defect which does not affect the merits. Section 326, Mun. Court Act (Laws 1902, p. 1583, c. 580).