SLOAN v. LITTLE ROCK RAILWAY & ELECTRIC COMPANY.

Opinion delivered March 15 ,1909.

1. STREET RAILROADS—PRESUMPTION OF NEGLIGENCE.—Where a passenger
   on a street car is injured by derailment of such car, a presumption of
   negligence arises which is not rebutted by proof that the derailment
   occurred from some unaccountable cause; the defendant, to rebut the
   presumption of negligence, must close up by proof every avenue
   leading to a reasonable conclusion that it was guilty of negligence
   which caused the injury. (Page 577.)

2. INSTRUCTIONS—SUFFICIENCY OF GENERAL OBJECTION.—Where instruc-
   tions given by the court fairly express the law, the use of an objec-
   tionable word in a single instruction would be met with a specific
   instruction, and not a general objection to the whole instruction. (Page
   577.)

3. SAME—DIRECTING VERDICT.—Where undisputed evidence rebutted the
   presumption that defendant was negligent, it was not error for the
   court to so instruct the jury. (Page 577.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield,*
Judge; affirmed.

*Riffel, Dunaway & Cox,* for appellant.

1.   It was defendant's duty to exercise all the care and skill
which prudent persons under similar circumstances would ex-
ercise to prevent the car from running at a dangerous rate of
speed.   Failure to exercise such care was negligence.   74 S. W.
705-6.

2.   The court erred in giving instructions 1 and 4 requested
by defendant.   When a street railway company has control of all
of the agencies which cause a derailment, it is not sufficient mere-
ly to say that it arose from some unaccountable or inevitable
cause, but it must go further and make some explanation of the
cause of the derailment. 63 S. W. (Tex.) 164; 51 Ark. 459;
34 Ark. 613; 75 Ark. 479; 73 Ark. 548; 85 Ark. 589; 59 N. E.
82; 41 L. R. A. 478; 4 Am. St. Rep. 450; Shearman & Redfield
on Neg. § 59; 3 Thompson on Neg. 2810.

3.   The court erred in giving the 6th and 7th instructions
requested by appellee.   The fact of the derailment and the re-
sultant injury make out a *prima facie* case of negligence.   The
law presumes that the derailment was caused by some defect in
the equipment, assumes that the car was in bad repair, the track
defective, or that the car was running at too great a speed.

Whether or not the appellee has rebutted these presumptions and overcome the *prima facie* case was solely a question for the jury. 8 Enc. of Ev. 901; 22 App. D. C. 181; 62 Ia. 593; 32 Minn. 253.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

1. The court fully charged the jury as to the degree of care which appellee owed to passengers. Hence there was no error in refusing the 4th requested by appellant.

2. The 1st and 4th instructions given at appellee's request were correct. It was not incumbent on appellee to "make some explanation." 6 Cyc. 633, note 47. All that devolved upon appellee was to show that it had done all that could be done to foresee and prevent such an accident. *Id.*

There was evidence on which to base these instructions. 51 Ark. 467; 52 Ark. 421; 57 Ark. 435; 78 Ark. 429.

3. No error in the 6th and 7th instructions given at defendant's request. 53 Ark. 96; 66 Ark. 441; 67 Ark. 516; 80 Ark. 398; 84 Ark. 372; 31 S. W. 262, 264; 105 N. W. 303; 67 Ark. 154; 94 S. W. 872; 89 S. W. 893.

MCCULLOCH, C. J.   The plaintiff, while a passenger on one of the defendant's electric cars, received personal injuries by reason of a derailment of the car. He sues to recover damages, and alleges negligence of the defendant's servants, causing the derailment, in two particulars: First, that the motorman operated the car at an unusually high and dangerous rate of speed; and, second, that the car was old and unsafe for service, and that defendant knew of its unsafe condition, or could have known of it by the exercise of ordinary care. A trial resulted in a verdict and judgment in favor of the defendant, and plaintiff appealed. The testimony was conflicting on the question whether or not the car was being operated at a high or unusual rate of speed at the time of its derailment, and this question was properly submitted to the jury upon correct instructions. The court gave the following instructions requested by plaintiff, after making certain modifications, the correctness of which is not challenged here:

"1. If you find from the testimony in this case that plaintiff was a passenger on one of the defendant's cars, and that said car was derailed, and plaintiff was thereby injured, then the law

presumes that the derailment and injury were occasioned by the negligence of the defendant street car company, and it will be your duty to find for the plaintiff, unless the defendant has shown by the testimony that it was not guilty of any negligence."

"2. If you find from the testimony in this case that plaintiff was a passenger on one of the defendant's cars, and that said car was derailed, and plaintiff was thereby injured, then the law presumes that the derailment and injury were occasioned by the negligence of the defendant street car company, and it will be your duty to find for the plaintiff, unless the defendant has shown by the testimony that it was not guilty of any negligence."

"3. If you find from the testimony in this case that the defendant negligently operated its cars down hill and around a curve at such a rate of speed as to cause a derailment of the car on which plaintiff was passenger, then the defendant was guilty of negligence, and it will be your duty to find for the plaintiff."

The fourth instruction requested by plaintiff, which the court refused to give, was covered in substance by those given, and we think there was no error in refusing to give it.

Error of the court is assigned in giving each of the following instructions at the request of the defendant:

"1. If you find from the evidence that plaintiff was a passenger on defendant's car, and the car became derailed, then the court instructs you that, while proof of the derailment raises a presumption of negligence against the defendant, yet defendant may rebut this presumption by showing that the derailment arose from an unaccountable or unavoidable accident, or an occurrence which could not have been prevented by the highest degree of care, foresight and diligence of the defendant consistent with the practical conduct of its business; and if you find from the evidence that defendant has rebutted this presumption of negligence arising from derailment, then it is your duty to find in its favor."

"4. If you find that, although the car was derailed, yet the preponderance of the evidence shows that at the time and place of the derailment both car and the track were in good order and condition and without defects or imperfections, and the car was not being operated in a negligent manner, then the presumption of negligence against the defendant which arises from the de-

railment of the car would be overcome, and it would be your duty to find for the defendant. It does not devolve upon the defendant to show the cause of the derailment, or to explain it further than to show that it was not guilty of negligence which caused the derailment, and that it exercised the highest degree of care for its passengers consistent with the practical conduct of its business."

The word "unaccountable" was erroneously used in the first instruction. A presumption arose, from the derailment of the car, that it occurred by reason of the negligence of the defendant, and this placed the burden on the defendant, in order to exculpate itself from the charge of negligence, of accounting for the cause of the derailment, to the extent of showing that it occurred without fault or negligence on the part of its servants. It was not sufficient, therefore, for the defendant merely to show that the derailment occurred from some unaccountable or inexplicable cause, for that would not overcome the presumption that it resulted from negligence. The defendant in such a case must, in order to rebut the presumption of negligence, close up by proof every avenue leading to a reasonable conclusion that it was guilty of any negligence which caused the injury complained of. 3 Hutchinson on Carriers, § § 1413, 1414; 4 Elliott on Railroads, § 1644.

We are of the opinion, however, that these instructions, taken as a whole, fairly expressed this view of the law, and the jury must have so interpreted them. The use of the objectionable word in the instruction should have been met with a specific objection, and not a general one to the whole instruction. We find no reversible error in these instructions. *St. Louis, J. M. & S. Ry. Co.* v. *Barnett,* 65 Ark. 255.

The court also gave the following instructions at the request of defendant, the giving of which is assigned as error:

"6. You are instructed to find in favor of the defendant upon the issue of fact whether the car upon which plaintiff was riding was safe and suitable for the purpose used. The undisputed proof shows that the defendant was not negligent in this respect.

"7. You are instructed to find in favor of the defendant upon the question of fact whether the track furnished by the defendant was safe and suitable for the purpose for which it was

used. The uncontradicted proof shows that the defendant was not negligent in this respect."

The instructions were correct. The uncontradicted evidence adduced by defendant established the fact that the derailed car was in good order, and was safe and suitable for the purpose used. Also that the track where the derailment occurred was in safe condition. This evidence being uncontradicted either by direct proof or by circumstances, the jury would not have been warranted in sustaining a charge of negligence on either of these two grounds. Therefore it was proper for the court to so inform the jury and to thus eliminate those two charges from their consideration. Though the burden was cast upon the defendant to exonerate itself from the charge of negligence, the undisputed evidence did so completely as to the two charges mentioned in these instructions, and the jury should not have been permitted to disregard it. *Kansas City, F. S. & M. Ry. Co.* v. *King*, 66 Ark. 439; *Kansas City S. Ry. Co.* v. *Lewis*, 80 Ark. 396; *St. Louis S. W. Ry. Co.* v. *O'Hare, ante* p. 120.

The issues in the case were fairly tried, and the evidence was sufficient to sustain the verdict.

Affirmed.