## MUSKOGEE ELECTRIC TRACTION CO. v. EATON.

No. 5787.   Opinion Filed November 9, 1915.

(152 Pac. 1109.)

1.   **MEASURE OF DAMAGES—Statute.** By section 2872, Rev. Laws 1910. the measure of damages for the breach of an obligation not arising from contract is the amount which will compensate the party injured for all detriment proximately caused thereby, whether it could have been anticipated or not.

Syllabus.

2. **DAMAGES—Earnings—Evidence of Profits—Personal Exertions.** In an action for personal injuries by a passenger against a carrier the trial court, for the purpose of establishing loss of earnings, permitted the plaintiff to testify that up to the time of the injury and for several years prior thereto he had been engaged in the business of buying and selling oil and gas leases; that whilst the business required a small investment of capital, its success mainly depended upon the personal efforts, skill, and labor of the person engaged therein; that his system for carrying on his business was to find clients or customers with whom he contracted at an agreed price for the sale and purchase of oil and gas leases of lands situated in localities where said minerals were presumed to exist, and then go into that field and procure such leases at the lowest price possible, his profits or earnings consisting of the difference between the cost and expenses of procuring such leases and their selling price. He was also permitted to testify that whilst his profits or earnings were subject to a great many contingencies, he usually made out of his business $5,000 or $6,000 per year, and for the 12 months immediately preceding his injury his profits or earnings averaged $500 per month. **Held,** not error. **Held,** further, that in a case involving the investment of a small capital as a mere incident or vehicle to the performance of services, almost, if not quite, purely personal in their nature, loss of earning power as an element of damages is permissible, and that the proof to establish such damages need not be entirely clear and indubitable in order to entitle it to go to the jury.

3. **TRIAL—Instructions—Cure of Error.** The giving of an instruction which charges the jury in effect that the presumption of negligence which arises from the happening of an accident may be rebutted "by the defendant showing to your satisfaction," etc., is not reversible error where it is also stated in the same instruction "that in order to rebut such presumption, no particular degree of proof is required, but it is sufficient if such presumption be met by evidence of equal or greater weight."

4. **CARRIERS—Carriage of Passenger—Presumptions.** Where the trial court in an instruction correctly states the doctrine of **res ipsa loquitur,** it is not error to further instruct the jury, in effect, that proof that the accident occurred from some unaccountable cause is not sufficient to overcome the presumption of negligence on the part of the carrier which arises when the fact that an accident occurred is established.

5. **DAMAGES—Personal Injuries—Measure.** Instructions Nos. 10 and 11 examined, and **held,** that in so far as they go, they state the true rule as to plaintiff's measure of damages.

6. **TRIAL—Instructions—Requests.** Where the trial court has given general instructions applicable to the issues and the evidence, the

judgment will not be reversed for failure to instruct upon any particular phase or issue, unless request is made at the trial for such instruction.

**7.    DAMAGES—Personal Injuries—Measure..** Record examined, and **held** that the verdict of the jury is, not excessive.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;
Farrar L. McCain. Judge.*

Action by Ross A. Eaton against the Muskogee Electric Traction Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*B. B. Blakeney* and *J. H. Maxey, Jr.,* for plaintiff in error.

*Guy F. Nelson, Geo. S. Ramsey, Edgar A. DeMeules,* and *Malcolm E. Rosser,* for defendant in error.

KANE, C. J.   This was an action for personal injuries, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. The parties hereinafter will be designated "plaintiff" and "defendant," respectively, as they appeared in the trial court. It seems that the plaintiff was injured while traveling on one of the defendant's electric cars as a passenger, by his car running through an open switch upon defendant's railway and colliding with a box car which was standing thereon.

The answer of the defendant consisted:   (1) Of a general denial; (2) an express denial that it was operating the line on which the plaintiff was riding as a passenger; (3) denial that in the operation of any of its lines it was guilty of want of the highest degree of care; and (4) it further alleged that if the plaintiff received any injury, it was entirely due to his own negligence. Upon trial to a jury there was verdict for the plaintiff in the

sum of $5,000, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

Whilst the petition in error contains many assignments of error, counsel for defendant in their brief have summarized them as follows:

"1. The court erred in admitting the testimony, over the objection and exception of the defendant as shown in this brief, tending to prove the earnings of the plaintiff in his business of buying and selling oil and gas mining leases, and erred in refusing to strike out the same, and to withdraw it from the consideration of the jury at the close of the trial.

"2. The court erred in giving instruction No. 4, over the objection and exception of the defendant.

"3. The court erred in giving instruction No. 10, over the objection and exception of the defendant.

"4. The court erred in giving instruction No. 11, over the objection and exception of the defendant.

"5. The court erred in refusing a new trial for the reason that the verdict is excessive."

The first assignment of error is predicated upon the assumption that the plaintiff is not entitled to recover any damages for loss of earnings, because the business or profession in which he was engaged at the time he was injured was of such a nature that such damages would belong to the class reprobated by the courts as "purely speculative.."

Up to the time of the injury and for several years prior thereto, the plaintiff had been engaged in the business of buying and selling oil and gas mining leases, which is generally recognized as a reputable business in all communities where oil and gas is found in considerable quantities. This business, it seems, requires the invest-

ment of a small capital, but its success mainly depends upon the personal effort, labor, and attention of the person engaged therein. The plaintiff's system was to find clients or patrons with whom he contracted at an agreed price for the sale and purchase of oil and gas leases of lands in certain localities where such minerals were presumed to exist, and then go into that field and procure such leases at the lowest price possible. His profits or earnings consisted of the difference between the cost of procuring the leases and the selling price thereof to the customer with whom he had contracted for the sale.

He testified that while his profits or earnings were subject to a great many contingencies, he usually made out of the business $5,000 or $6,000 a year, and that for the 12 months immediately preceding the injury he had averaged $500 per month. To the question, "I will ask you to state whether or not your earnings were the result of personal effort and labor?" he answered, "They were." In our judgment, the trial court was right in permitting the plaintiff to recover for loss of earnings, and in admitting the class of evidence above outlined for the purpose of establishing his measure of damages.

Section 2872, Rev. Laws 1910, provides:

"For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate for all detriment proximately caused thereby, whether it could have been anticipated or not."

That the plaintiff suffered some detriment by being completely incapacitated for carrying on his usual business for a considerable period of time cannot be gainsaid, and, in some degree, of course, the extent of his loss must.

be somewhat speculative and uncertain. But, to our mind, that is not a sufficient reason for allowing him no recovery at all. The term, "purely speculative damages," does not embrace earnings which one may reasonably expect to make by following a wholly legitimate business merely because they are not susceptible of accurate proof. In such cases the law only requires the character of proof of which the particular issue in the case, in the inherent nature of things, is susceptible. *Dean v. Railroad,* 199 Mo. 397, 97 S. W. 910. As was held in another case: The rule against the recovery of uncertain damages relates to uncertainty as to the cause rather than to uncertainty as to the measure or extent. The jury is vested with the function of making certain that which, in its very nature, is uncertain by reducing to a pecuniary value elements which, of themselves, carry no standard by which such values may be measured with certainty. *Brokerage Co. v. Campbell,* 164 Mo. App. 8, 147 S. W. 545. It being apparent that some loss was suffered, it was entirely proper to let the jury determine what the loss probably was from the best evidence the nature of the case admitted.

Construing section 2872, *supra,* it has been held that a merchant may recover for loss of profits and loss of financial standing where his business was wrongfully closed. *Tootle et al. v. Kent et al.,* 12 Okla. 674, 73 Pac. 310. And that the value of a growing crop, based upon the average yield and market value, less cost of harvesting and marketing, etc., might be considered in estimating the damages to growing crops caused by the deflection of water. *C., R. I. & P. Ry. Co. v. Johnson,* 25 Okla. 760, 107 Pac. 662, 27 L. R. A. (N. S.) 879. And loss of profits caused by incapacity by injury are recoverable in

an action for personal injuries. *C., O. & G. R. Co. v. Burgess*, 21 Okla. 653, 97 S. W. 271. And a traveling man was allowed to recover for loss of time and inability to make sales occasioned by delay in forwarding his sample trunks in *Kansas City, M. & O. Ry. Co. v. Fugatt*, 47 Okla. 727, 150 Pac. 609.

There are many cases where lawyers, doctors, and other professional men have been permitted to recover for loss caused by interruption of their practice by reason of personal injuries, although their earnings are uncertain, and although they are aided in making their earnings by money invested in books, surgical instruments, furniture, etc., and also from the labor of their stenographers and other assistants. Among such cases are the following: *Joslin v. Gr. R. I. & C. Co.*, 53 Mich. 322, 19 N. W. 17; *Sluder v. St. L. Tr. Co.*, 189 Mo. 107, 88 S. W. 648, 5 L. R. A. (N. S.) 186; *L. & N. Ry. Co. v. Reynolds* (Ky.) 71 S. W. 516; *City of Logansport v. Justice*, 74 Ind. 378, 39 Am. Dec. 79. Other analogous cases are *Paul v. O. & St. L. Ry. Co.*, 82 Mo. App. 500; *Markowitz v. Met. St. Ry. Co.*, 31 Misc. Rep. 175, 63 N. Y. Supp. 961; *Tanzer v. N. Y. C. Ry. Co.*, 46 Misc. Rep. 86, 91 N. Y. Supp. 334; *Kronold v. City of N. Y.*, 186 N. Y. 40, 78 N. E. 572; *C., R. I. & P. Ry. Co. v. Posten*, 59 Kan. 449, 53 Pac. 465; *Brown v. O., W. R. & N. Co.*, 63 Or. 396, 128 Pac. 38; *Jordan v. C. R. & M. C. Ry. Co.*, 124 Iowa, 177, 99 N. W. 693; *Simpson v. Penn. Ry. Co.*, 210 Pa. 101, 59 Atl. 693.

The authorities to the same effect might be multiplied, but we think the foregoing are sufficient to support the conclusion that in a case involving the investment of a small capital as a mere incident or vehicle to the performance of services, almost, if not quite, purely personal in their nature, loss of earning power as an element of

damages is permissible, and that the proof to establish such damages need not be entirely clear and indubitable in order to entitle it to go to the jury.

Instruction No. 4, complained of by counsel for the defendant, reads as follows:

"The court further instructs the jury that if you believe from the evidence that on the day in question plaintiff was a passenger on one of defendant's cars running between the city of Muskogee and Hyde Park, and that while so on such car the same ran onto a switch or spur track, and there collided with another car, and that as a direct result of such collision with such other car, plaintiff was injured thereby without fault on his part, then you are instructed that proof of such facts makes a *prima facie* case in favor of the plaintiff and raises a presumption of negligence on the part of the defendant. This presumption may be rebutted, however, by the defendant showing to your satisfaction that such collision was due to the act of God, unavoidable accident or other cause which could not have been prevented by defendant, its agents, servants, or employees, by the exercise of the highest degree of care, prudence and human foresight, consistent with the practical operation of defendant's railroad, or by showing that plaintiff's injuries, if any, were caused or directly contributed to by his own negligence, and the court further instructs you that in order to rebut such presumption, no particular degree of proof is required, but it is sufficient if such presumption be met by evidence of equal or greater weight; but you are further instructed that proof that the car in question left the main track of defendant and ran onto a spur or switch track from some unaccountable cause, and thereafter collided with another car, is not sufficient to rebut such presumption of negligence."

Counsel contend that this instruction is erroneous for two reasons: (a) It places the burden on the defendant to prove its defense to the "satisfaction" of the jury in

order to rebut the presumption which arises from the happening of the accident; (b) it invades the province of the jury by stating that proof of certain facts would not constitute a defense. Instructions which, in effect, require the defendant to rebut such presumptions to the satisfaction of the jury by a preponderance of the evidence have been criticized by a great many courts, and we think such an unqualified requirement would be objectionable; but in the instruction before us, the trial court qualified his former statement by further instructing the jury that:

"In order to rebut such presumption, no particular degree of proof is required, but it is sufficient if such presumption be met by evidence of equal or greater weight."

As thus qualified, we see nothing objectionable in the part of the instruction now under consideration. Certainly it is not subject to the objection urged against it by counsel for plaintiff in error, that it required the defendant to rebut the presumption which arose from the happening of the accident by a preponderance of the evidence. Cases which seem to be in point on this proposition are: *Callan et al. v. Hanson,* 86 Iowa, 420, 53 N. W. 282; *Stewart v. Outhwaite,* 141 Mo. 562, 44 S. W. 326; *McMahon v. S. T. K., etc., Co.,* 151 Mo. 522, 52 S. W. 384; *St. L., I. M. & S. Ry. Co. v. Sparks,* 81 Ark. 187, 99 S. W. 73; *T. H. Tr. & L. Co. v. Payne,* 45 Ind. App. 132, 89 N. E. 413; *Atwood v. Comm. Co.,* 82 Conn. 539, 74 Atl. 899; *M., O. & G. Ry. Co. v. Vandivere,* 42 Okla. 427, 141 Pac. 799.

In our judgment, the ground of attack upon the latter part of this instruction is also untenable. It is true that it would be error for the trial court to invade the province

of the jury in the manner stated by counsel, but we are not satisfied that that was the effect of the instruction given. The court, in our opinion, merely intended to instruct the jury upon the doctrine of *res ipsa loquitur*. This doctrine is based upon the theory that if the accident is shown, it then devolves upon the carrier to go forward and account for it upon some hypothesis from which its nonliability may be inferred. But, as stated by the trial court, proof that the accident occurred from some unaccountable cause is not sufficient to overcome the presumption of negligence on the part of the carrier which arises when the fact that the accident occurred is established. *Sloane v. Little Rock Ry. & E. Co.*, 89 Ark. 574, 117 S. W. 551.

By instruction No. 10 the court charged the jury that in the event they found for the plaintiff, they should assess his damages in such an amount as they believed from the evidence to be a fair and reasonable compensation to the plaintiff for pain of body and mind, etc., and also for—

"the loss of time, if any, which plaintiff has suffered as a result of such injuries, if any; and you may take into consideration whether or not such injuries are temporary or permanent, and whether or not such injuries will impair his capacity to labor and earn money in the future and allow the plaintiff fair and reasonable compensation for such impairment of earning capacity, if you believe from the evidence there will be such."

Counsel for defendant contend that the rule is that damages for diminished earning power can only be granted upon the basis of an annuity, and, where future payments for the loss of earning power are to be anticipated and capitalized in a verdict, the plaintiff is entitled only to their present worth. They say that the instruction

is deficient in that it fails·to inform the jury how they may arrive at the present value of the plaintiff's diminished earning capacity, and to tell them that his recovery should be limited to the present value of such earnings. In our judgment, the portion of the instruction complained of is entirely correct so far as it goes and states the true rule with reference to such damages. If the defendant desired the trial court to instruct the jury as to the proper basis for figuring the value of impaired earning capacity, it was its duty to request such instruction, and having failed to do so, it cannot now be heard to complain. It is well settled in this jurisdiction that where the trial court has given general instructions applicable to the issues and the evidence, the judgment will not be reversed for failure to instruct upon any particular phase of issue, unless request is made at the trial for such instruction. *Chicago, R. I. & P. Ry. Co. v. Radford,* 36 Okla. 659, 129 Pac. 834; *Chicago, R. I. & P. Ry. Co. v. Pitchford,* 44 Okla. 197, 143 Pac. 1146; *Seay et al. v. Plunkett,* 44 Okla. 794, 145 Pac 496; *First Nat. Bank v. Tevis,* 29 Okla. 714, 119 Pac. 218.

Instruction No. 11, the next instruction complained of, reads as follows:

The court further instructs the jury, that, although you may believe from the evidence that prior to the date in question, to-wit, June 28, 1912, plaintiff's arm in question had been broken, and on said date was in a weak, or infirm condition on account thereof, yet, if you further believe from the evidence that plaintiff's said arm was injured as claimed on the date in question, or that such existing weakened condition or infirmity was aggravated by the accident in question, you should allow plaintiff for the injury actually received, or for any aggravation of any such existing weakness or infirmity, as a direct result of defendant's negligence, in the event that you find the

verdict for the plaintiff under the other instructions of the court."

This is objected to upon the ground that it fails to limit the amount of recovery to the aggravation of the infirmity or weakness, which. it is contended, the evidence showed to exist in the plaintiff's arm prior to the happening of the present accident. The petition alleges that plaintiff's "left arm, between the shoulder and elbow, was fractured, and the bone of said arm was mashed, splintered, and broken, and the muscles, nerves, and blood vessels of said arm were broken and torn." The evidence showed that about three months prior to the present accident the plaintiff's arm had been broken between the elbow and shoulder, at about the same place. The evidence also tended to show that the former break had entirely knitted, and the strength and efficiency of the arm was practically restored when the present injury was inflicted. This instruction merely tells the jury that the plaintiff should be allowed damages for such injury to his arm as he might have received, or for any such aggravation of the existing infirmities, as they might find resulted directly from the negligence of the defendant. We find nothing objectionable in the instruction, either as to the principle. of law it states, or the language used.

On the next proposition also we are unable to agree with counsel for the defendant. Whilst we are of the opinion that the damages were liberally assessed, there is nothing in the record to indicate that the jury was influenced by bias, passion, or prejudice. The evidence showed that the plaintiff was 32 years of age at the time he received the injury; that he lost 3½ months' time, which he estimated to be of the value of $500 per month, or a total loss on that account of $1,750; that he had expended

and obligated himself to pay for necessary surgical operations, hospital fees, nursing, and other medical attention the sum of $610; that after the period of 3½ months he had not been able to work more than half the time up to the time of the trial, which took place 13 months after the accident; that he had suffered considerable pain ever since receiving the injuries; that his injuries were permanent and impaired his capacity to labor and earn money in the future, and that such injuries were reasonably certain to cause him pain and suffering in the future. The total loss occasioned by loss of earnings during the 3½ months of his total disability and what he had expended and obligated himself to pay for surgical operations, etc., amounted to $2,360.

We are not prepared to say that the balance of the judgment, to wit, the sum of $2,640, is an excessive amount to allow for the pain and suffering which the plaintiff had endured, and will probably endure in the future by reason of the permanency of his injuries. On the whole, there is nothing apparent on the face of the record that tends to show in the least that anything occurred during the trial to cast the least suspicion upon the fairness and integrity of the deliberations of the jury, or that the defendant was in any manner prevented from having a fair and impartial trial.

Finding no reversible error in the record, the judgment of the court below must be affirmed.

All the Justices concur.