ST. LOUIS SOUTHWESTERN RAILWAY COMPANY v. LEWIS.

Opinion delivered July 12, 1909.

1. MASTER AND SERVANT—SAFE PLACE AND APPLIANCES.—It is the master's duty to use ordinary care to provide his servant with suitable instruments with which to work and a suitable place in which he may discharge his duties as safely as the hazards incident to his employment will permit. (Page 349.)

2. SAME—DUTY OF MASTER.—It is the master's duty not only to use ordinary care to furnish safe appliances and a safe place to the servant, but also to exercise the same care to keep such appliances and place in the same condition. (Page 349.)

3. SAME—HOW NEGLIGENCE OF MASTER ESTABLISHED.—Evidence that a servant was injured by reason of a defective appliance is not sufficient to establish the master's liability, it being necessary to show that the master did not exercise due care. (Page 349.)

4. SAME—NEGLIGENCE—SUFFICIENCY OF EVIDENCE.—Proof that the car step which caused plaintiff's injuries was defective and that such defect could have been, but was not, discovered by defendant's inspectors justified a finding of negligence on defendant's part. (Page 349.)

5. SAME—FELLOW SERVANTS.—A railroad conductor and car inspector, being in different departments of the service, are not fellow servants under Kirby's Digest, § 6659. (Page 349.)

6. DAMAGES—PERSONAL INJURIES—PREDISPOSITION TO DISEASE.—Where a servant, owing to the master's negligence, received a fall, from which hernia resulted, he is entitled to recover damages therefor, though he was predisposed to that disease. (Page 350.)

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*Sam'l H. West* and *Bridges, Wooldridge & Gantt,* for appellant.

1. The negligence must be proved. It cannot be inferred from the mere happening of the accident. 82 Ark. 372; 79 Ark. 437; 74 Ark. 19; 51 Ark. 467; 101 Md. 168.

2. The master is not the insurer of the servant's safety, but is only held to ordinary care in providing a safe place and safe appliances in which and with which to work. 35 Ark. 602; 44 Ark. 524; 48 Ark. 333; 59 Ark. 98; *Id.* 465; 80 Ark. 260, 263; 85 Ark. 460; 90 Ark. 145.

3. If a car step be classed as a common or simple appliance, no inspection by the master was required. 127 Wis. 318; 106 N. Y. 512. But, if inspection was required, the testimony shows it was made. If inspection was necessary, it should be such as the time, place, means and opportunities, and the requirements of commerce will permit. If the duty of inspection has been performed with ordinary care, and a defect is afterwards found to exist, though not discovered at the time of inspection, the company is not liable for any injury caused thereby unless it had knowledge of such defect. 146 Ind. 564; 101 Md. 168; 4 Am. & Eng. Ann. Cas. 761 and notes; 79 Ark. 437. The master is presumed to have performed his duty until the contrary appears. Wood on Master & Servant, 346; 106 N. Y. 512, 517.

4. The reasoning in the Falvey case, 104 Ind. 409, upon which the third instruction given by the court appears to be based, fails in this case, because that case, and others supporting it, arose between a passenger and a railroad company, and not, as in this case, between a servant and master. In this case the doctrine announced in 4 Col. 344, 34 Am. Rep. 89, should be followed.

*W. F. Coleman* and *T. M. Hooker,* for appellee.

1. There was no issue raised, either in the pleading or proof, or in the court's declarations of law, as to the duty of a

master to guaranty the safety of the place in which to work or of the appliances with which to work. The complaint alleges a want of ordinary care in inspecting the appliances, and the jury's verdict found that such care was lacking. The court's first instruction properly declared the law on the subject.

2. The second instruction given by the court also correctly declared the law. 67 Ark. 1; 89 Ark. 222; 87 Ark. 471; 88 Ark. 181.

3. This court will not reverse on the facts in testimony, where there is evidence to support the verdict. 48 Ark. 495; 51 Ark. 467; 75 Ark. 111; 73 Ark. 377; 67 Ark. 531; 85 Ark. 193; 84 Ark. 74; 118 S. W. (Tex.) 739. Nor where there is a mere conflict of evidence. 84 Ark. 406; 76 Ark. 326; 67 Ark. 433. Nor even where the verdict appears to be against the weight of the evidence or the court differs from the jury in its conclusion as to the weight to be attached to the evidence. 67 Ark. 399; 75 Ark. 111; 74 Ark. 478. The evidence was sufficient to warrant a finding that the stirrup was defective at the time of the injury. 48 Ark. 461; 89 Ark. 326; 90 Ark. 326.

4. Proper instructions having been given, it was for the jury to say whether the appellant had been guilty of negligence. 90 Ark. 145.

5. Appellant's argument that the master is not required to inspect a common or simple appliance has no application to this case. 67 Ark. 1; 87 Ark. 471; 88 Ark. 181; 211 U. S. 608.

6. The third instruction is correct and supported, as appellant admits, by the weight of authority. While a different degree of care is demanded of carriers as between their passengers and employees, yet when once the negligence necessary to recover has been established, there is no different rule for the computation of damages. Watson's Personal Injuries, §219.

7. Appellant is liable for the full amount of the resultant injury, notwithstanding any latent tendency to hernia. 13 Cyc. 31 and cases cited; 119 S. W. (Mo.) 467; 104 Ind. 409; Watson's Personal Injuries, § § 219-222.

BATTLE, J. M. R. Lewis sued the St. Louis Southwestern Railway Company for damages for an injury caused by its failure to properly inspect its cars. He alleged that he was on the 27th of February, 1907, in the employment of the defendant

as conductor of one of its gravel trains, and while so engaged sustained painful and permanent injuries as a result of the gross negligence of the defendant; that in the discharge of his duties as such conductor he caused said train to be moved to the Bearden Gravel Pit on its line of railway, for the purpose of loading the same with gravel for use on defendant's railway, and caused it to be stopped at the place where it was the custom of the railroad company to inspect its cars and to repair any and all defects and injuries that any of them may have received, and after it had been stopped sufficiently long for such purpose caused it to be moved to a steam shovel there located to be thereby loaded with gravel, and when it stopped placed his foot upon the stirrup or step of one of the cars of the train for the purpose of alighting, and it, being defective, as he did so, swung around from one end, and threw him to the ground, and thereby inflicted hernia in one of his sides, a painful and permanent injury. He further alleged "that said stirrup on said car was defective, and that same was known to the defendant, or could have been known to it by the exercise of ordinary care; but that defendant, through its agents and employees, did not exercise ordinary care in the inspection and repair of its said cars, but was guilty of gross negligence, thereby causing the injury to the plaintiff as above;" and charged "that defendant has been guilty of negligence in not providing safe appliances for its said cars, and in the use and employ of defective machinery and appliances, to the plaintiff's great injury;" and stated "that, by the wrongful and negligent acts of the defendant, plaintiff has suffered great bodily pain and mental anguish and suffered permanent injury; and that he has suffered such injury as renders him unable to perform his usual labors and incapacitates him for performing manual labor of any kind; and that he has been damaged thereby in the sum of $20,000," for which he asked for judgment.

The defendant admitted that plaintiff was in its employment, and denies all other material allegations, and pleaded contributory negligence and assumed risks by plaintiff as defenses.

A trial of the issues before a jury followed, in which a verdict was returned in favor of the plaintiff for $1,500; and the defendant appealed.

Evidence was adduced in the trial tending to prove the following facts: On the 27th day of February, 1907, plaintiff,

Lewis, was a conductor in the employment of the defendant, St. Louis Southwestern Railway Company, having in charge of the moving of the trains of the railway company and the loading of its cars with gravel at Bearden Gravel Pit. He had caused a line of cars to be moved down to the steam shovel at that place for loading, and was stepping from one of the cars to a step suspended under the sill on the side of the car. The step gave away, and he fell to the ground, a distance of about two feet, which caused a hernia in his left side and much pain and suffering. This step "was in the nature of a stirrup, being on the ends of bolts coming down through the sill." It was a flat piece of iron bent in the shape of the letter U. A bolt passed through each end, and was secured by nuts. After appellee had fallen, he discovered that one of these nuts had come off, leaving one end of the step unfastened. When he put his weight on the step, the end slipped off the bolt, and he fell. He could not have discovered the defect in the step before falling, without getting down on the ground and looking up from beneath the car.

Inspectors were sent to and kept at Bearden Gravel Pit to inspect the cars of the appellant arriving at that place. They made all necessary repairs they could that this inspection disclosed, and, if they could not be made there, the car was sent to the shops at Pine Bluff, Arkansas. They made report of cars inspected to a Mr. Adams, "the superintendent of motive power at the Pine Bluff shops." C. E. Yowell was foreman of the freight car repairs of appellant in its shops at Pine Bluff. The inspectors at Bearden Gravel Pit were employed by him, and he sent them there as car repairers and inspectors. They inspected the car with the defective step a short time before and on the day appellee was injured. They failed to discover the defect, and no good reason is given for the failure. The car was moved a very short distance after the inspection to where appellee fell.

T. S. Stinson was train master of the appellant, and in February, 1907, was in charge of the Bearden Gravel Pit, together with the gravel trains of the appellant "and the operations of the grading of its road." So it appears that appellee and the inspectors were in different departments of service.

The court instructed the jury, in part, as follows:

"1. It is the duty of the master to exercise reasonable care in providing safe appliances and apparatus with which his ser-

vants are required to work, and in inspecting and repairing such appliances, and in discovering any defects therein, and the extent or degree of such care—that is, what is reasonable care—must be determined by the nature of the business in which he is engaged and the ordinary manner of their use and the dangers ordinarily arising therefrom. It is such care as a reasonably prudent and careful man, having a reasonable regard for the safety of others, would use under like conditions. But the master is not an insurer of lives, health or safety of his employees, nor of the soundness or safety of the appliances so furnished for their use. His liability ceases in law when he has used reasonable care in their selection, construction and maintenance, as above stated, and the mere fact that the injury may have resulted from the use of defective appliance would not, of itself, create a cause of action in the injured party against the master. In order to entitle him to recover damages for such injury, the burden is on the plaintiff to show, by a preponderance of the evidence, that: (1) He has been injured. (2) That such injury was caused by the operation of a defective appliance furnished by the master. (3) That such defective condition was known to the inspectors of the company, or some of them, or that it was such that it would have been known by them, or some of them, before the accident, if they had used reasonable care, skill and diligence in the performance of their duties, and that they did not use such reasonable care, skill and diligence in inspecting the appliances which caused the injury and in discovering and repairing the defects therein. The presumption of the law is that the master had performed his duty in furnishing proper appliances, and that, if any defects existed, he was ignorant thereof, and the burden is upon the plaintiff to show the contrary by a preponderance of the evidence."

"2. If you find from the evidence that the injury complained of was caused by a defective, unsafe and dangerous condition of the stirrup mentioned in the testimony, and that such stirrup was in such defective, unsafe and dangerous condition at the time of the inspection by the car inspector, as mentioned in the complaint and answer, and that by the exercise of ordinary care the defective, unsafe and dangerous condition of such stirrup could have at the time of inspection been discovered,

so that said defect could have been remedied, and such stirrup rendered in a safe condition for use, then your verdict will be for the plaintiff in such sum, if any, as he has been damaged thereby."

No objection is urged by appellant against the foregoing instructions in its brief. They are substantially correct. It was the duty of the appellant to have provided the appellee with suitable instrument and means with which to do his work and a suitable place in which he, exercising due care himself, could have discharged his duties as safely as the hazards incident to his employment would have permitted. In the performance of these duties it was only bound to exercise reasonable and ordinary care; and it was its duty to exercise the same care to keep such place, means and appliances in the same condition. The evidence that the appellee was injured on account of the defective step was not sufficient to hold appellant liable; but it was necessary to show that it did not exercise proper care in the premises. *St. Louis, Iron Mountain & Southern Railway Company* v. *Gaines,* 46 Ark. 555; *Little Rock, Mississippi. River & Texas Railway Company* v. *Leverett,* 48 Ark. 333; *Emma Cotton Seed Oil Co.* v. *Hale,* 56 Ark. 232; *Park Hotel Co.* v. *Lockhart,* 59 Ark. 465.

In the case at bar appellant employed inspectors to inspect the car. The evidence shows that a step was defective, and that this could have been discovered by proper inspection, and that its appointed agents for that purpose, with ample opportunity and means to do so, failed to make the discovery. Appellant, under the circumstances, ought to have known through these employees that the step was defective. The jury could reasonably have inferred from the evidence that its failure was due to neglect. The appellee and the inspectors, being in different departments of service, were not fellow servants under the statute in force at the time of the injury (Kirby's Digest, § 6659), and appellant was liable for the consequences of the negligence of inspectors to appellee. *St. Louis, Iron Mountain & Southern Railway Company* v. *Holmes,* 88 Ark. 181.

The court gave the following instruction to the jury over the objection of the defendant:

"3. If you find that the defendant company in this case is liable under the instructions heretofore given, and that the

plaintiff received the injuries complained of in the manner alleged, and that at the time of such injury he was predisposed to hernia, but otherwise in good health, and that said injury was solely excited or caused by his fall from the car step described in the evidence, without his fault, and that his injury, whatever you find that to be, has directly resulted therefrom, then you are instructed that the plaintiff is entitled to recover to the fullest extent of whatever you find his injuries so received to warrant, notwithstanding such predisposition or weakness of the parts in regard to hernia."     This instruction states a rule of law well sustained by the authorities. *Louisville, etc., Railway Company* v. *Falvey,* 104 Ind. 409, 426-428; *Crane Elevator Co.* v. *Lippert,* 63 Fed. 942, 948; *Vosburg* v. *Putney,* 86 Wis. 278; *Herndon* v. *Springfield,* 119 S. W. 467; Watson on Damages for Personal Injuries, § § 219, 220; 1 White's Personal Injuries on Railroads, § 170; 13 Cyc. 30, 31, and cases cited.

The evidence was sufficient to sustain the verdict.

Judgment affirmed.