## SHERMAN *v.* INDIANAPOLIS TRACTION AND TERMINAL COMPANY.

[No. 7,358.    Filed November 17, 1911.]

1. CARRIERS. — *Interurban Railroads.* — *Instructions.* — *Burden of Proof.*—*To "Satisfaction" of Jury.*—An instruction, in a personal injury case, that the burden is on the plaintiff to establish by a preponderance of the evidence to the "satisfaction" of the jury the material allegations of his complaint, should be refused; but the giving thereof does not constitute reversible error, where the other instructions clearly define what is meant by a preponderance of the evidence.  p. 624.

2. CARRIERS.— *Passengers.— Injuries.— Aggravating Sickness.—Instructions.*—In an action by a passenger for personal injuries, an instruction that if the plaintiff on the day he sustained the injury complained of contracted ptomaine poisoning, resulting in colitis and other ailments, and that his pain and suffering resulting therefrom was indistinguishably intermingled with the pain and suffering from the alleged injuries proximately caused by defendant interurban railroad company's negligence, he cannot recover from defendant, is bad under any state of the evidence on the question of negligence.  pp. 627, 629.

3. CARRIERS.—*Negligence.—Damages.—Burden of Proof.*—The burden is on plaintiff to show that the injury received, or the pain suffered, was due in whole, or in part, to defendant's negligence; but where plaintiff was suffering from disease at the time of the injury, it is not necessary for him to show how much he would have suffered from the disease if he had not received the injury, such pain from sickness, or other cause, being matter in mitigation to be shown by defendant.  pp. 628, 632.

4. NEGLIGENCE.—*Concurrent.—Liability.*—Where plaintiff's injuries were caused by the concurrent or successive negligence of two or more persons, one of such persons, when sued alone, cannot escape liability on the ground that the results of the injuries from others cannot be apportioned under the evidence.  p. 629.

5. APPEAL.—*Omission of · Evidence.—Instructions.—Presumptions.*—The presumption that a questioned instruction given, was supported by the evidence, where the evidence is not in the record,

does not apply, where the instruction would be erroneous under any evidence within the issues.   pp. 630, 631.

6.   APPEAL.—*Presumptions.*—*Erroneous Rulings.*—*When Reversible.* —The presumption is that the rulings of the trial court were correct; but where erroneous rulings are affirmatively shown by the record, so material and influential as naturally to influence the result prejudicially to appellant, the judgment should be reversed, unless the appellee can show affirmatively from the record that such rulings were harmless.   p. 630.

From Hendricks Circuit Court; *James L. Clark,* Judge.

Action by Charles H. H. Sherman against the Indianapolis Traction and Terminal Company.   From a judgment for defendant, plaintiff appeals.   *Reversed.*

*Wymond J. Beckett,* for appellant.

*F. Winter, W. H. Latta* and *Brill & Harvey,* for appellee.

LAIRY, C. J.—This action was brought by appellant to recover damages for personal injuries, which he alleges were received by him while alighting from one of appellee's street cars in the city of Indianapolis, upon which he had been riding as a passenger.

The complaint was in one paragraph, to which the appellee filed an answer of general denial and also an answer setting up the two-year statute of limitations.   Appellant filed a reply in general denial to the second paragraph of answer, and upon the issues so formed the cause was submitted to a jury for trial.   A general verdict was returned in favor of appellee, and appellant filed a motion for a new trial, which was overruled, and judgment was rendered for appellee.   The only error assigned for reversal is the overruling of appellant's motion for a new trial.

The only question presented by this appeal is the alleged error of the trial court in giving to the jury instructions one, two and three, requested by appellee.   The first

1.   instruction complained of is as follows:   "In an action like the one you are trying, the burden is upon the plaintiff to establish by evidence to your satisfaction not only that the agents, servants and employes of the defendant

MAY TERM, 1911.    625

Sherman *v.* Indianapolis Traction, etc., Co.—48 Ind. App. 623.

street-car company were negligent in manner and form, as charged in his complaint, but before he can recover for any ailment or injury from which he is now suffering, or has suffered, he must show to your satisfaction, by a fair preponderance of all the evidence in the case, that such ailment and suffering are the direct and proximate result of the negligence of defendant, its agents, servants and employes, as charged in the complaint, and it is not sufficient to warrant you in returning a verdict in favor of plaintiff, that he enshroud the source of such suffering and ailment, if any he has, in doubt or mystery, but the evidence must be such as to create an honest conviction in your minds as to the truth of the proposition sought to be established, and that such ailment or suffering is the direct or proximate result of the negligence of defendant's agents, servants and employes, as alleged in the complaint, and does not result from any other cause.''

This instruction informed the jury that the burden was upon plaintiff to establish by evidence, to the satisfaction of the jury, the material averments of his complaint. The law requires the plaintiff to prove the material averments of his complaint by a fair preponderance of the evidence, and the claim of appellant is that this instruction requires a higher degree of proof than the law exacts. The form of expression used in this instruction is not to be commended, and has been expressly condemned by the supreme court of Illinois, in the case of *Mitchell* v. *Hindman* (1894), 150 Ill. 538, 37 N. E. 916. In that case it appears that an instruction, that stated that plaintiff was ''bound to prove to the satisfaction of the jury by a clear preponderance of the evidence,'' etc., had been requested and refused by the trial court. It was held on appeal that the instruction was erroneous, and that it was properly refused. The language used in the instruction under consideration is not identical with that condemned in the Illinois case, but it is sufficiently

objectionable to justify the trial court in refusing it. An instruction may contain such an inaccurate statement of the law as would warrant the trial court in refusing to give it, and still the objection may not be so serious as to warrant a reversal of a judgment on that account. In this case the trial court could very properly have refused to give said instruction, and such a ruling would have been commendable; but having given the instruction, this court is now required to determine whether the language employed, when considered in connection with the other instructions given, was such as would probably mislead the jury to the prejudice of appellant. This court has decided repeatedly that an instruction that, in substance, informs the jury that a party having the burden of proof as to a certain fact or issue must establish it to the satisfaction of the jury by a fair preponderance of the evidence is not reversible error, where the other instructions in the case clearly define what is meant by a preponderance of the evidence, and distinctly advise the jury that a preponderance of the evidence will be sufficient to justify a finding in favor of the party having the burden. In such cases it is held that the words "to the satisfaction of the jury" are equivalent to "find" or "believe." *Terre Haute Traction, etc., Co.* v. *Payne* (1910), 45 Ind. App. 132; *Baltimore, etc., R. Co.* v. *Walker* (1908), 41 Ind. App. 588; *Sams, etc., Car Coupler Co.* v. *League* (1898), 25 Colo. 129, 54 Pac. 642; *Callam & Co.* v. *Hanson* (1892), 86 Iowa 420, 53 N. W. 282; *Stewart* v. *Outhwaite* (1897), 141 Mo. 562, 44 S. W. 326.

In the third instruction, given at the request of plaintiff, the court told the jury that the issues were to be determined by a preponderance of the evidence, and also informed the jury what was meant by said term. In other instructions the jury was repeatedly told that if certain facts were proved by a preponderance of the. evidence, it should find such facts by the verdict. While we do not approve of the form of expression used in this instruction to indicate the degree of proof

required to establish a fact in favor of the party having the burden, still, in view of the other instructions given, we do not think that the jury could have been misled.

The second instruction given at the request of appellee is as follows: "If you find from the evidence in this case that on March 25, 1905, the day plaintiff claims to have been injured, that he (plaintiff) ate some canned fish, and as a result thereof became poisoned, and had what is known as 'ptomaine poisoning,' and that his bowels became affected and diseased as a result thereof, and he had colitis and other ailments as a consequence thereof, and his pain and suffering resulting from said condition are so intermingled with any pain and suffering caused from being thrown from a street car, as alleged in his complaint, if you find from the evidence that he was so thrown from said car, and you are unable, from the evidence, to separate the damages and pain and suffering caused by the ptomaine poisoning from the damages, pain and suffering caused from being so thrown from said car, then I instruct you that plaintiff cannot recover for such damages and pain and suffering."

The effect of this instruction was to inform the jury that if it found that plaintiff was injured by reason of defendant's negligence, as alleged in the complaint, and suffered pain by reason thereof, and if it further found that he was, at the time, suffering injury and pain as a result of ptomaine poisoning, then it would be incumbent upon plaintiff to prove what part of the damages and suffering was due to the negligent injury and what part was due to the disease; and if, from the evidence, the jury was unable to determine the extent of the damages and suffering that were due to the injury complained of, as distinguished from such damages and suffering as were due to the disease, then there could be no recovery for such damages and suffering.

We do not think that this instruction correctly states the law. The application of such an instruction would relieve a defendant from the obligation to pay damages that were

found by the jury to be the direct and proximate result of its negligence. Where a person is injured by the negligence of another, the pain and suffering caused by such injury is a legitimate element of damages. By this instruction the jury was told that even though the plaintiff did suffer pain as a result of being thrown from said street car, this cannot be considered as an element of damage, if he was at the same time suffering pain as a result of ptomaine poisoning, and the pain resulting from the disease and that from the injury were so intermingled that the jury was unable to say what part was due to the negligence of defendant and what part to the disease. If the pain and suffering manifested by plaintiff was of such character as to seem to be entirely due to ptomaine poisoning, then it would be for the jury to decide whether any part of it resulted from the fall from the street car, and if the evidence on this question was so equally divided that the jury was unable to determine whether the pain and suffering manifested resulted entirely from the disease, or whether due in part to said injury, then such pain and suffering could not be considered as an element of damage. The burden is on the plaintiff to prove that

3. the pain suffered is due, either in whole or in part, to the negligence of defendant; but when it is established that his suffering is due to such negligent injury, it is not necessary that he go further and prove just how much he would have suffered from the disease if he had not received the injury.

In such a case, defendant has a right to offer evidence that plaintiff was suffering from a disease, and to prove the character and extent of the pain that would probably result from such disease, and to have this evidence considered by the jury in mitigation of damages; but it has no right entirely to escape the payment of damages for pain and suffering which its negligence has partly caused.

In cases where it appeared that the plaintiff was suffering

from a disease at the time he received the injury complained of, and that the effect of such injury was to aggravate such disease, the courts have uniformly held that the defendant cannot escape liability for such injury, on the ground that the damage resulting from the disease and the damage resulting from the injury cannot be apportioned under the evidence. *Louisville, etc., R. Co.* v. *Falvey* (1886), 104 Ind. 409, and cases cited. The same doctrine has been applied in cases where it appeared that a disease was latent, and that the injury had developed such latent disease. *Crane Elevator Co.* v. *Lippert* (1894), 63 Fed. 942, 11 C. C. A. 521; *St. Louis, etc., R. Co.* v. *Lewis* (1909), 91 Ark. 343, 121 S. W. 268.

It has also been held that where an injury to a plaintiff is due to the concurrent or successive negligence of two persons, one of such persons, when sued alone, cannot escape liability because the damage that resulted from his negligence, and that resulting from the negligence of the wrongdoer, cannot be apportioned under the evidence. *Webster* v. *Hudson River R. Co.* (1868), 38 N. Y. 260; *Slater* v. *Mersereau* (1876), 64 N. Y. 138; *Ehrgott* v. *Mayor, etc.* (1884), 96 N. Y. 264, 48 Am. Rep. 622.

In the case of *Louisville, etc., R. Co.* v. *Falvey, supra,* our Supreme Court cites with approval the case last cited and quotes from the opinion the following language: "It was certainly impossible for the plaintiff to prove, or for the jury to find how much of the injury was due to either cause alone. It was wholly impossible to apportion the damage between the two causes. Shall this difficulty deprive the plaintiff of all remedy? We answer no. The wrong of the defendant placed the plaintiff in this dilemma, and it cannot complain if it is held for the entire damage."

The cases cited as authority for this decision are not, in all respects, identical with the case at bar; but the analogy is so close that we have no hesitancy in applying to the decision of this case the principles that have been announced

and applied in the cases to which we have referred. The same reasoning by which the results were reached in the cases cited will lead to a like result in this case.

The third instruction, given at the request of appellee, is open to the same objections as the one we have just discussed, and for that reason we need not consider it separately.

5. Both instructions were erroneous under any conceivable state of the evidence. Where the evidence is not in the record, it is well settled that an instruction will not be held erroneous, where it is proper under any evidence that might have been properly admitted within the issues; but where an instruction is given which would be improper under any conceivable state of the evidence, such instruction will be held erroneous, although the evidence is not in the record. *Drinkout* v. *Eagle Machine Works* (1883), 90 Ind. 423; *Reinhold* v. *State* (1892), 130 Ind. 467; *Weir Plow Co.* v. *Walmsley* (1887), 110 Ind. 242; *Joseph* v. *Mather* (1887), 110 Ind. 114; *Tipton* v. *Schuler* (1900), 87 Ill. App. 517.

Appellee urges that the apparent error in these instructions may have been rendered harmless by the evidence, or possibly by answer to interrogatories that affirma-

6. tively show that the verdict was based upon the second paragraph of answer setting up the statute of limitations as a defense, or upon the fact that defendant was not guilty of the negligence charged, or upon the contributory negligence of the plaintiff. It is further insisted that, as the entire record is not before us, this court has no means of knowing that the error in these instructions was not cured in the manner suggested, and thereby shown to have had no influence upon the verdict. As a result of this argument we are asked to hold that the error in giving these instructions was harmless, because the record before us does not affirmatively show that such error was not cured.

We cannot go to the extent insisted upon by appellee. It is true that the rulings and judgment of the trial court are

MAY TERM, 1911.        631

Sherman *v.* Indianapolis Traction, etc., Co.—48 Ind. App. 623.

presumed to be correct, and this presumption is indulged until it is overcome by the record that appellant brings to this court, that affirmatively shows error on its face that was so material and influential that it naturally would, and probably did, influence the result reached by the trial court, in a manner prejudicial to appellant. When this is made to appear, the error will be deemed prejudicial, and the judgment will be reversed, unless it affirmatively appears that the error did not influence the result. Elliott, App. Proc. §§593, 594; *Houk* v. *Allen* (1891), 126 Ind. 568; *Harter* v. *Eltzroth* (1887), 111 Ind. 159; *Cline* v. *Lindsey* (1887), 110 Ind. 337.

Some courts hold that where the record discloses an error, it will be presumed to be prejudicial to the party against whom it was committed. *Bindbeutal* v. *Street R. Co.* (1891), 43 Mo. App. 463; *Tipton* v. *Schuler, supra.*

We do not go to the extent of holding that every error shown by the record will be presumed to be prejudicial; but we do hold that where the error shown by the record was of such a material and substantial nature that it naturally would, and probably did, influence the result prejudicially to the party complaining, a *prima facie* case of error is made out. In order to overcome this *prima facie* case, it must appear affirmatively from the record that the error has been cured or rendered harmless.

This appeal was apparently taken under the provisions of §691 Burns 1908, §650 R. S. 1881. The part of this section that applies is as follows: "Provided, that when in any case an appeal is prosecuted upon the correctness of instructions given or refused, or the modifications thereof, it shall not be necessary to set out in the record all the evidence given in the cause, but it shall be sufficient in the bill of exceptions to set out the instructions or modifications excepted to, with a recital of the fact that the same were applicable to the evidence in the cause." The evident purpose of this statute was to provide a means by which the question of the correctness of instructions given or refused

632     APPELLATE COURT OF INDIANA,

Sherman *v.* Indianapolis Traction, etc., Co.—48 Ind. App. 623.

could be presented to this court without including in the record the evidence given in the cause. To hold that errors in instructions are presumed to be cured by the evidence unless the evidence appears in the record, would have the effect of requiring the evidence to be incorporated in the record in every case where the correctness of instructions given is questioned in this court. If this were not done, the presumption would prevail that errors shown in such instructions had been cured. Such a holding would render the provisions of this statute nugatory. In the case of *Tipton* v. *Schuler, supra,* the court said: "If, as a matter of fact, the erroneous instruction complained of was not harmful by reason of matters appearing in proof, the appellee or defendant in error should have insisted upon the bill of exceptions reciting the evidence before it was signed." It is not necessary to decide in this case whether the remedy suggested by the court in the case quoted from would have been available to appellee. It is enough to say that if no such remedy is provided, it is the fault of the statute and not the fault of the court.

Instructions two and three, given at the request of appellee, were both erroneous, for the reasons heretofore stated. It was material under the issues in this case that appellant should prove substantial damages. These instructions related to the elements that might be considered by the jury in assessing damages in favor of appellant, and announced an erroneous proposition of law relating thereto. In applying these instructions to the evidence, we can well understand how the jury may have been unable to find that appellant sustained any substantial damage as a result of falling from the car. The jury may have believed from the evidence that a part of the damage suffered by plaintiff was so caused, but may have been unable to return a verdict in his favor for such damages, because, acting under the instructions, it was impossible to separate the damages that resulted from the fall from those that

resulted from ptomaine poisoning referred to in the instructions.

These instructions were applicable to a material issue in the case, and were of such a character that they naturally would and most probably did influence the jury prejudicially to appellant. The record therefore discloses harmful error for which the judgment must be reversed.

Judgment reversed, with instructions to grant a new trial.