MILAN SKORICH *v.* RONALD KOCHAN.

[No. 3-474A59. Filed June 27, 1977.]

*William I. Marlatt,* of Merrillville, for appellant.

*Nick Katich, Addison, Stiles and Greenwald,* of Gary, for appellee.

HOFFMAN, J.—Plaintiff-appellant Milan Skorich brought an action against defendant-appellee Ronald Kochan for personal injuries and property damage sustained in an automobile collision. A trial by jury resulted in a verdict of $1,774, upon which judgment was entered. Thereafter Skorich perfected this appeal alleging as errors the failure of the trial court to give one of his tendered instructions and the jury's verdict awarding what are claimed to be inadequate damages.

The record reveals that on September 9, 1967, Skorich, as a passenger in a car being driven by his son, was proceeding south in the middle lane of Broadway near 55th Street in Gary, Indiana. At the intersection appellee Kochan, driving a pickup truck, made a left turn crossing appellant Skorich's

path resulting in the vehicles colliding. As a result the fender of Skorich's vehicle was crushed inward against the wheel and Skorich, himself, suffered personal injuries, having struck his head on the door frame. Appellee Kochan stopped his pickup truck momentarily and then fled the scene. Concerned with his departure and in a dazed state, Skorich began to run in an attempt to get Kochan's license number but to no avail. Kochan was later apprehended by police.

Thereafter, in order to render the Skorich vehicle mobile, an effort was made to pry the automobile's fender loose. Conflicting evidence was presented concerning to what extent appellant was involved in this endeavor. However, it was not until having returned home in the damaged car with his son that Skorich noticed that his previously repaired hernia had been damaged and was protruding.

Appellant had had an original hernia operation ten years earler at Mayo Clinic. Subsequently in 1965 the problem had reoccurred due to a work related accident. This second hernia had just been corrected when Skorich suffered the accident herein.

On September 11, 1967, appellant visited his doctor who diagnosed his injuries from the accident with Kochan as being a cerebral concussion, an abrasion to his forehead and a recurrence of the right inguinal herna.

On September 23, 1967, Skorich was involved in a second unrelated accident in which, after having stopped because of traffic, another person collided with the rear of his automoble. Appellant sustained further injuries as a result, which were diagnosed as being neck whiplash, stiffness to the back and further aggravation of the hernia. It was subsequent to this second accident that appellant incurred most of his medical expenses including the hernia operation at Mayo Clinic.

At trial Skorich offered evidence of various billings for medical attention and property damage, all of which he

attributed to Kochan's negligence in the first accident on September 9, 1967. Appellant also offered an instruction on apportionment of damages which was rejected by the trial court. Thereafter the jury returned a verdict of $1,774 for Skorich.

Appellant's first contention is that the trial court erred in refusing his instruction on apportionment of damages. Such instruction stated:

"If you find that the plaintiff sustained an injury which was caused in part by the negligence of the defendant and in part by some other person or persons and if you cannot determine from the evidence what part of the injury was caused by the defendant, the defendant when sued alone cannot escape liability merely because the damage which resulted from his negligence and that which resulted from the other person or persons cannot be apportioned under the evidence. Under such circumstances the defendant would be liable for the injury if the plaintiff was not guilty of contributory negligence."

This instruction would require a jury to apportion all damages found upon the defendant regardess of whether his action was the sole cause of all damages claimed. Appellant relies for support on *Sherman* v. *Indianapolis Traction, etc., Co.* (1911), 48 Ind. App. 623, 96 N.E. 473, arguing that a defendant cannot escape liability for an injury due to the successive negligence of himself and another simply because the damages which resulted cannot be apportioned under the evidence.

However, Skorich's attempt to apply *Sherman* to the circumstances of the case at bar misconstrues its holding. *Sherman* involved an action by a passenger for injuries sustained while alighting from a streetcar wherein an instruction was given that if the pain of colitis suffered from earlier ptomaine poisoning was intermingled with the alleged pain from the interurban accident no recovery was possible. The court reversed stating that it was within the prerogative of the jury to apportion the damages between each independent

cause and to assign either all of the damages to the latter, or accept evidence as to one in mitigation and assign only a portion to the negligent act in question. *Sherman* v. *Indianapolis Traction, etc., Co., supra.* Thus the instruction in *Sherman* was specifically rejected because of its failure to allow the jury to apportion damages in accordance with its evaluation of evidence on the proximate cause of the injury. Appellant's argument does not support a different rationale.

In the case at bar there were two separate and unrelated accidents. The second injury and aggravation of the previous injury are attributable to a distinct intervening cause without which the increased damage would not have happened. The jury could have determined that a new and independent force had broken the chain of cause in a manner which would preclude holding the orignal tort-feasor solely liable. *Elder* v. *Fisher* (1966), 247 Ind. 598, 217 N.E.2d 847. *See also, Alspach* v. *McLaughlin* (1969), 144 Ind. App. 592, 247 N.E.2d 840 (transfer denied).

Appellant's instruction would have misled the jury concerning these elements of the case. It was therefore properly refused. *L. S. Ayres & Company* v. *Hicks* (1942), 220 Ind. 86, 40 N.E.2d 334, *reh. denied,* 220 Ind. 98, 41 N.E.2d 195; *Kempf* v. *Himsel* (1951), 121 Ind. App. 488, 98 N.E.2d 200 (transfer denied).

Skorich's second assignment of error is that the evidence was undisputed with regard to the extent of the damages suffered and that the award of the jury was inadequate and contrary to law. Appellant catalogs his out-of-pocket expenses for treating injuries as totaling $1,431.50. He also claimed a delay in returning to work of twenty-five weeks causing a loss in wages of $4,000.

If it were true, as appellant urges, that his damages were a mere matter of computation upon undisputed evidence this

court, upon review, might allow a correction in the amount awarded. *Schutz* v. *Rose* (1964), 136 Ind. App. 165, 196 N.E.2d 285 (transfer denied).

However, such is not the case before us. Instead our concern is with two unconnected accidents each of which contributed to injuries of the appellant. Thus, the jury in its deliberation which involved only the first of these mishaps, was faced with a two-step factual determination. Before its finding on the measure of damages it had to determine the foreseeable consequences of the appellee's actions and therefore to what extent certain of the alleged injuries were attributable to his particular negligence and not the second accident. *Indiana Service Corporation* v. *Johnston* (1941), 109 Ind. App. 204, 34 N.E.2d 157.

Since the occurrence of the second accident was totally unrelated and removed by days from the first, it could not possibly have been a foreseeable consequence of Kochan's tort. This case therefore presents different facts than those cases of aggravation which Skorich relies on. Whatever causal connection appellant would presume existed between appellee's negligence and the damages associated with expenses for injuries must be defined by the jury's finding of those acts which were the proximate cause for such injuries. Only upon making this determination could the jury properly measure damages. *Yater* v. *Keil* (1976), 170 Ind. App. 135, 351 N.E.2d 920; *Montgomery* v. *Polk Milk Co.* (1948), 118 Ind. App. 433, 79 N.E.2d 108 (transfer denied). *Cf: Elder* v. *Fisher, supra* (1966), 247 Ind. 598, 217 N.E.2d 847.

Here the evidence disclosed more than an intervening element arising from a single accident; it disclosed separate injuries and aggravations from different independent causes readily discernable to the jury. Moreover there was a dispute regarding the evidence as to whether Skorich's difficulties in turning his head, having headaches, and incurring the need for another hernia operation were all the result of the first

accident in contrast to the second one. In addition, evidence of a deposition given by Skorich in a suit he commenced against the driver of the other car in the September 23, 1967, accident was introduced to impeach his assertions of the damages, including lost work, he here asserts to have resulted from the September 9, 1967, collision. Under these circumstances our only concern is with whether the jury displayed passion, prejudice or corruption in its implicit apportionment and measurement of damages as between Kochan and the apparent subsequent tort-feasor. *See, Tabor* v. *Continental Baking Company* (1941), 110 Ind. App. 633, 38 N.E.2d 257 (transfer denied).

In the case at bar the appellant had a collision because of the negligence of Kochan. As a result he suffered a cerebral concussion and contusions on the forehead. In addition it appeared that appellant's recently repaired hernia had again ruptured. However, there then occurred a second unrelated automobile accident several weeks later. The testimony of Dr. Lebioda, Skorich's attending physician, was to the effect that an additional whiplash and back pain were sustained at this time. The hernia may have been further aggravated as well. Having suffered these several calamities over a period of time, compensation for medical expenses and loss of work became more complicated than a mere computation. It was the duty of the trier of fact to weigh this conflicting evidence and determine the credibility of the witnesses in finding damages. *Duvall et al.* v. *Carsten-McDougall-Wingett, Inc.* (1973), 156 Ind. App. 553, 297 N.E.2d 861.

Accordingly there is nothing to justify an invasion by this court into the province of the jury. *Schutz* v. *Rose, supra.* It is only where the facts are undisputed and lead to but one conclusion which is contrary to that reached by the trier of fact that intervention is justified. Skorich's invitation to overturn the verdict must therefore be rejected. *Rondinelli* v. *Bowden* (1973), 155 Ind. App. 582, 293 N.E.2d 812.

Having found no reversible error, the judgment of the trial court is affirmed.

Affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 363 N.E.2d 1081.